```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
                 Civil No. 04-19(DSD)
```

Tony DeJaun Jackson,

        Petitioner,

v.                                        **ORDER**

Lynn Dingle, Warden,

        Respondent.

This matter is before the court upon the pro se motion by Tony DeJaun Jackson for Rule 60(b)(6) relief from a final judgment or order entered by the district court regarding habeas corpus relief pursuant to 28 U.S.C. § 2254. Based on a review of the file, record and proceedings herein, and for the following reasons, the motion is denied.

The background of this matter is fully set out in previous orders, and the court only recites those facts necessary to the disposition of the instant motion. Jackson is currently serving a term of imprisonment of life plus 96 months in the state of Minnesota.

On January 6, 2004, Jackson filed a petition for habeas corpus under 28 U.S.C. § 2254. Among his claims, he argued ineffective assistance of counsel. On May 25, 2005, the court denied the petition because Jackson failed to show ineffective assistance of counsel under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

On November 19, 2010, Jackson moved for reconsideration under Rule 60(b)(6). On December 17, 2010, the court denied Jackson's prior motion for relief from a final judgment and denied a certificate of appealability. See ECF No. 52. Jackson appealed, and the Eight Circuit dismissed the appeal. See ECF No. 62. Jackson now argues that he is entitled to relief under Martinez v. Ryan, 132 S. Ct. 1309 (2012).

A court may grant relief under Rule 60(b) for "any other reason that justifies relief" when a motion is made "within a reasonable time." Fed. R. Civ. P. 60(b). Jackson argues that extraordinary circumstances exist to justify relief based on Martinez. As an initial matter, it appears that Jackson seeks to challenge the validity of his state sentence, which is the essence of a § 2254 habeas petition. Artful pleading of a habeas claim under Rule 60(b)(6) does not excuse Jackson from the prohibition on successive § 2254 petitions without permission of the court of appeals. See 28 U.S.C. § 2244(3); United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam). Jackson has not received permission from the court of appeals for the instant motion, and therefore, denial is warranted.

Even if the court were to consider the instant motion, Martinez is inapposite. In Martinez, the Court held that a procedural default will not bar a federal habeas court from hearing such a claim where (1) state law requires ineffective-assistance claims may only be raised in a collateral proceeding and not on

direct appeal and (2) a defendant did not have counsel or had ineffective counsel in that collateral proceeding. 132 S. Ct. at 1320. Minnesota law does not require ineffective-assistance claims to be brought in a collateral proceeding. See, e.g., Roby v. State, 531 N.W.2d 482, 484 n.1 (Minn. 1995). Moreover, procedural default was not a basis for the court's disposition of Jackson's § 2254 motion. Therefore, for this additional reason, denial is warranted.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion for relief from a judgment or order [ECF No. 65] is denied; and

2. As to its view that the motion is a successive § 2254 petition, the court denies a certificate of appealability under 28 U.S.C. § 2253(c).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 17, 2012

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court